## JONES and Another *v.* DOE, on the Demise of Perdue's heirs.

In ejectment, *A.* and *B.* were admitted defendants, the former as tenant, the latter as landlord. *Held.* that *A.* was precluded by his appearance as *B.*'s tenant, from afterwards showing that he was the tenant of the plaintiff's lessor, and entitled to notice to quit.

APPEAL from the *Clark* Circuit Court.—This was an action of ejectment by the appellee against the appellants.

HOLMAN, J.—The declaration in this case was served on *Whitson*, as tenant in possession, and he, together with *Jones*, was admitted to defend, by an order in these words: "On the motion of *Thomas Whitson*, tenant, and *Leonard Jones*, landlord, they are admitted defendants in this action." A bill of exceptions informs us that the plaintiff proved at the trial, that *Jesse Perdue*, ancestor of the plaintiff's lessors, entered into possession

May Term, of the premises in the year 1813, and that afterwards, in the
1825.      same year, *Whitson* entered into possession by virtue of a parol
  JONES    lease from said *Perdue* for eight years, and that *Whitson* had
    v.     continued in possession ever since: whereupon the defendants
   DOE.    moved the Circuit Court to instruct the jury, that it was neces-
sary for the plaintiff, in order to maintain his action, to prove a
notice to *Whitson* to give up the possession of the premises, pri-
or to the commencement of the action; which instruction the
Circuit Court refused to give. Judgment was given for the
plaintiff, and the defendants have appealed.

The defendants, taking it for granted that the parol lease was
void, and that *Whitson* was to be considered as a tenant at will,
contend that he was entitled to notice to quit, which notice
should have been proved on the trial. But *Whitson* does not ap-
pear in the case as tenant to the plaintiff's lessors, but as tenant
to *Jones.* *Whitson* and *Jones* are admitted to defend in the cha-
racter of tenant and landlord, and as they assume that character
in their defence, it must be presumed that they claim it in rela-
tion to each other; and that they, as tenant and landlord, are
jointly interested in maintaining the possession of *Whitson*, as te-
nant of *Jones.* If such be the connexion between *Whitson* and
*Jones*, *Whitson*, by his own showing, does not appear before us as
the tenant of the plaintiff's lessors, and was not entitled to notice
to quit. Whether he was in reality the tenant of *Jones*, or ever
had attorned to him, is immaterial. By entering as defendant
in that character, he undertakes to defend the title of *Jones*, and
rests his claim to the possession on that title; and of course dis-
claims any privilege to which he would be entitled as the tenant
of *Perdue's* heirs. Whether *Whitson* disclaimed holding under
the heirs of *Perdue*, prior to the commencement of the action,
is also immaterial; for the plaintiff is not bound to prove more
than his case requires, as it stands at the trial. He has a right,
at that time, to avail himself of any denial or admission of the
defendant; and if in this case the plaintiff had considered *Whit-
son* as the tenant of his lessors, and had given him notice to quit
the possession, he would not have been bound to prove that no-
tice on the trial, inasmuch as *Whitson*, by coming in as tenant of
*Jones*, abandoned every advantage he might have had as tenant
of the plaintiff's lessors. So that the instruction required would
have been improper, and was correctly refused.

*Per Curiam.*—The judgment is affirmed with costs.

*Howk* and *Dewey*, for the appellants.
*Thompson* and *Naylor*, for the appellee.